IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

CHERYL D. SINCLAIR,

      Plaintiff,

v.                                                        Case 2:14-cv-02908-SHM-cgc

LAUDERDALE COUNTY, TN,

      Defendant.

---

**ORDER DENYING MOTION TO QUASH SUBPOENA**

---

Before the Court is Non-Party Assistant District Attorney Julie Pillow's Motion to Quash Subpoena. (Docket Entry "D.E." #15). The instant motion was referred to the United States Magistrate Judge for determination. (D.E. #16). For the reasons set forth herein, the instant Motion to Quash Subpoena is DENIED.

**I. Introduction**

On November 21, 2014, Plaintiff Cheryl Sinclair filed a Complaint against Lauderdale County, Tennessee pursuant to 42 U.S.C. § 1983 ("Section 1983"). The claims asserted therein arise from Plaintiff's August 12, 2014 arrest for Accessory After the Fact to Escape[1] for allegedly assisting her son, Stephen Sinclair, in escaping from a court-ordered "bible-based" drug treatment program administered by the Rose of Sharon Rehabilitation Program in Burlison, Tipton County,

---

[1] Under Tennessee law, the offense of Escape is codified at Tennessee Code Annotated § 39-16-605 and the offense of Accessory After the Fact is codified at Tennessee Code Annotated § 39-11-411.

1

Tennessee. (*Id*. at 1-2 & ¶¶ 9-10, 27-28).[2] Mr. Sinclair elected to serve his suspended sentence at this facility in lieu of serving it in the Lauderdale County Jail. (*Id*. ¶ 9). Plaintiff alleges that Mr. Sinclair entered the Rose of Sharon Recovery Center on June 27, 2014 and "walked out of the program on or about June 28, 2014." (*Id*. ¶ 11).

With respect to the August 12, 2014 charges against Plaintiff, Pillow prepared the Affidavit of Complaint, which was signed by Investigator Clay Newman of the Lauderdale County Sheriff's Office. (*Id*. ¶¶ 14-15). Plaintiff alleges that Newman only signed the Affidavit of Complaint after Pillow unsuccessfully attempted to persuade Lauderdale Correctional County Officer Christina Turner to do so, after Pillow and Lieutenant Elizabeth Kiestler presented the Affidavit to Lauderdale County Sheriff Steve Sanders, and after Sheriff Sanders instructed Newman to do so. (*Id*. ¶¶ 14-15).

Plaintiff alleges that she was arrested on August 12, 2014 and was informed by a jailer on August 14, 2014 "that her bond had been set at $250,000 and her first court appearance would be September 18, 2014." (*Id*. ¶ 29). Plaintiff alleges that she was not brought promptly before a magistrate as required by law, was not informed of the charges against her, and was not informed of her general right to counsel or her right to have counsel provided to her due to her indigency. (*Id*. ¶ 30). Plaintiff also alleges that she was not provided a preliminary hearing within ten days of her arrest pursuant to Rule 5(d)(3) of the Tennessee Rules of Criminal Procedure.

In addition, Plaintiff alleges that the charges were improper under Tennessee law for several

---

[2] As to Mr. Sinclair's underlying offenses, Plaintiff's Complaint alleges that he pled guilty in the Circuit Court of Lauderdale County, Tennessee on June 23, 2014 to the offenses of Aggravated Assault (Class C Felony), Domestic Assault (Class A Misdemeanor), and simple Possession of a "Schedule VI" Controlled Substance (Class A Misdemeanor). (Compl. ¶ 9). While the specific offenses committed by Mr. Sinclair are not at issue in the instant motion, the Court notes that 21 U.S.C. § 812 does not establish a "Schedule VI" controlled substance.

reasons: (1) the Rose of Sharon Recovery Center is not a "penal institution" from which a person can commit the offense of Escape; (2) pursuant to Tennessee Code Annotated § 39-16-601(3), a violation of conditions of probation or parole does not qualify as an Escape; (3) any alleged Escape from the Rose of Sharon Recovery Center would have to be brought in Tipton County rather than Lauderdale County; (4) the offense of Accessory After the Fact "presupposes the underlying offense has been committed as one of its elements," which Plaintiff asserts it could not have been; and, (5) there was no probable cause to believe Plaintiff committed the offense of Accessory After the Fact. (*Id.* ¶¶ 19-24, 26).

At Plaintiff's first court appearance on September 18, 2014, Pillow announced that the charges against her would be dismissed, and Plaintiff was released from custody at approximately 9:30 a.m. on that date. Ultimately, Plaintiff was incarcerated in the Lauderdale County Jail from the date of her arrest until the charges were dropped—a period of approximately thirty-eight days.

On February 18, 2015, Pillow was served with a Subpoena to Testify at a Deposition in a Civil Action ("Subpoena"), which also required her to produce certain documents. (Mot. to Quash Subpoena, Exh. 1, filed at D.E. #15-1). On February 20, 2015, Pillow filed the instant Motion to Quash Subpoena pursuant to Rule 45(d)(3)(A)(iii)-(iv) of the Federal Rules of Civil Procedure. Pillow states in the Motion that she "will provide the documents requested, with any relevant objections and/or privilege log" by March 4, 2015, which was the date originally set for her deposition; however, Pillow's Motion seeks that the Court quash the request that she be required to testify at the deposition. (*Id.* at 1). Specifically, Pillow argues as follows: (1) there are other means to obtain the information; (2) the information sought is privileged and not crucial to the preparation

of Plaintiff's case; and, (3) the Subpoena is an attempt to circumvent the protections afforded a party to a lawsuit by subjecting Pillow to a deposition "without the benefit of raising immunity, participating in the discovery conference, or attending and reviewing all depositions."[3] (*Id*. at 1).

On February 25, 2015, Plaintiff and Defendant filed a Joint Response asserting that Pillow's Motion to Quash Subpoena should be denied for the following reasons: (1) Rule 26(b) of the Federal Rules of Civil Procedure permits broad discovery; (2) state prosecutors are not absolutely immune from discovery; and, (3) Pillow's argument that the Subpoena is an attempt to circumvent the protections afforded a party to a lawsuit is specious and without merit. (Resp. to Mot. to Quash Subpoena at 2-5). The Joint Response notes that, while the Subpoena was issued by Plaintiff, Defendant joins in the request to depose Pillow because it also believes she is a "fact witness with first hand knowledge of facts related to the underlying claims in this lawsuit." (*Id*. at 5).

## II. Analysis

**A. General Discovery under Rules 26, 34, and 45 of the Federal Rules of Civil Procedure**

First, Pillow asserts that the Subpoena is not permitted under Rule 45 of the Federal Rules of Civil Procedure. Under the Federal Rules of Civil Procedure, the general scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to

---

[3] This ground to quash the deposition testimony apparently arises from Plaintiff's counsel's notification to Senior Counsel Heather C. Ross of the Office of the Attorney General for the State of Tennessee that "there is a chance he will name General Pillow [as] a Defendant to this action" but that he currently refuses to send her copies of earlier depositions taken in the case. (Affidavit of Heather C. Ross, Exh. 3, filed at D.E. #15-3 ¶¶ 5-8).

4

any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

Rule 45(d) governs protecting a person subject to a subpoena and provides that a court must quash or modify a subpoena that, *inter alia*, "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). Rule 34(c) provides that "a nonparty may be compelled to produce documents and tangible things or to permit an inspection." Fed. R. Civ. P. 34(c). "A nonparty seeking to quash a subpoena bears the burden of demonstrative that the discovery should not be permitted." *In re Smirman*, 267 F.R.D. 221, 223 (E.D.Mich. May 12, 2010).

With respect to Rule 45(d)(3)(A)(iii), Pillow asserts that the Subpoena should be quashed due to the applicability of the deliberative process privilege, which protects from discovery "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975) (emphasis added). This privilege protects internal communications of a governmental agency when they are deliberative in nature, but not when they are purely factual. *Sears*, 421 U.S. at 149. Many courts have held that the deliberative process privilege is a qualified privilege and can be overcome by demonstrating the relevance of the evidence sought, the availability of other evidence, the role of the government in the litigation, and the potential consequences of disclosure of the information. *Libertarian Party of Ohio v. Husted*, 33 F. Supp. 3d 914, 919 (S.D. Ohio 2014).

5

However, this Court has previously determined that the applicability of the deliberative process privilege to a state prosecutor is "questionable," as "the Sixth Circuit has not addressed whether this privilege applies to state actors or agencies." *Dexter Wayne Dodd v. John E. Potter*, No. 1:09-cv-01148-JDB-egb, 2011 WL 1466387, at *1 n.1 (W.D.Tenn. Jan. 20, 2011). The Court has reviewed the authority cited by Pillow and remains unconvinced that Pillow has met her burden of establishing that the deliberative process privilege applies here. Further, with respect to a deposition, other courts have concluded that, "[g]iven that the privilege is not absolute and that discovery might reveal reasons why it should not be applied, it is fairly standard practice to permit a person who may be able to claim this privilege to be deposed . . . ." *Husted*, 33 F. Supp.3d at 920. Accordingly, Pillow's request to quash the Subpoena pursuant to Rule 45(d)(3)(A)(iii) based upon the applicability of the deliberative process privilege is denied.

With respect to Rule 45(d)(3)(A)(iv), Pillow asserts that the Subpoena should be quashed because it subjects her to an undue burden. However, other than citing this provision of the Federal Rules of Civil Procedure, Pillow does not articulate how the deposition constitutes an undue burden. Even though courts "consider one's status as a nonparty to be a significant factor in the undue-burden analysis," *In re Smirman*, 267 F.R.D. at 223 (citing *N.C. Right to Life, Inc. v. Leake*, 231 F.R.D. 49, 51 (D.D.C. 2005), the nonparty still bears the burden of demonstrating that the discovery sought should not be permitted, *In re Smirman*, 267 F.R.D. at 223. Pillow has failed to do so in the instant case, and thus her request to quash the Subpoena pursuant to Rule 45(d)(3)(A)(iv) based upon undue burden is denied.

### B. Applicability of the *Shelton* Test

Next, Pillow asserts that the Subpoena should be quashed under the test set forth in *Shelton*

6

*v. American Motors Corporation*, 805 F.2d 1323 (8th Cir. 1986), which was adopted by the United States Court of Appeals for the Sixth Circuit in *Nationwide Mutual Insurance Company v. Home Insurance Company*, 278 F.3d 621, 628-29 (6th Cir. 2002). In *Shelton*, the United States Court of Appeals for the Eighth Circuit concluded that obtaining discovery from *opposing counsel* should be "limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Id*. In *United States v. Philip Morris, Incorporated*, 209 F.R.D. 13 (D.D.C. 2002), the Eighth Circuit clarified that the *Shelton* test applies to limit discovery requests from opposing counsel only in two instances: (1) when opposing trial or litigation counsel are being deposed; and, (2) when such questioning would expose litigation strategy in the pending case. *Id.* at 17; *see also Ellipsis, Inc. v. The Color Works, Inc.*, 227 F.R.D. 496, 497 (W.D.Tenn. May 19, 2005); *Spine Solutions, Inc. v. Medtronic Sofamor Danek, Inc.*, No. 07-2175-JPM-dkv, 2008 WL 199709, at *3 (W.D.Tenn. Jan. 23, 2008).

The *Shelton* test is not applicable in the instant case because Pillow is not acting as opposing counsel to either Plaintiff or Defendant. Instead, Pillow served as a prosecutor on behalf of the State of Tennessee, who is not a party to this action, in a prior completed case. This role does not invoke the protections of *Shelton*. *See Pamida Incorporated v. E. S. Originals, Incorporated*, 281 F.3d 726 (8th Cir. 2002) (concluding that *Shelton* "was not intended to provide heightened protection to attorneys who represented a client in a completed case"). When *Shelton* does not apply, the inquiry reverts to simply whether the discovery is appropriate under the applicable Federal Rules of Civil Procedure, as already discussed above. Accordingly, Pillow's request to quash the Subpoena pursuant to *Shelton* is denied.

**C. Prosecutorial Immunity**

Next, Pillow asserts that the Subpoena should be quashed under the doctrine of prosecutorial immunity, which is an absolute bar on claims against prosecutors for performing their prosecutorial functions, *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976), and the doctrine of qualified immunity, which prohibits suits against certain government officials unless their conduct violates clearly established statutory or constitutional rights, *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). While no claim has been raised against Pillow, Pillow maintains that the doctrine of prosecutorial immunity further "shields government officials from discovery as well."

Upon review, the authorities cited by Pillow do not support the proposition that she asserts. Specifically, none of the authorities hold that a nonparty prosecutor cannot be deposed because of prosecutorial immunity or qualified immunity. Instead, the authorities Pillow cites explain that the underlying rational for extending absolute immunity to prosecutors and qualified immunity to other government actors is to allow these individuals "some assurance that they can perform their duties without fear of monetary liability or the diversions inherent in litigation." *Poe v. Haydon*, 853 F.2d 418, 423 (6th Cir. 1988). However, this rationale is based upon the inhibitions that may arise if prosecutors face the persistent "fear of personal monetary liability and harassing litigation" that would come with being routinely sued, *Id.* (citing *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)), not the concern of participating in a nonparty deposition where the prosecutor faces no claim for liability. Accordingly, Pillow's request to quash the Subpoena based upon the doctrines of prosecutorial immunity or qualified immunity is denied.

**D. Denial of Rights Afforded to Parties**

Finally, Pillow asserts that the Subpoena to take Pillow's deposition as a nonparty is an

attempt to circumvent the protections afforded to a party to the litigation. Specifically, Pillow alleges that Plaintiff wishes to take her deposition to determine if she should be named as a party and that, given these motivations, Pillow should already be entitled to receive copies of the other depositions taken in the case, participate in the discovery conference, assert her immunity, and raise legal arguments. Pillow cites no authority for the proposition that these protections should be afforded to a nonparty, and the Court is aware of none. The District Court has determined that the appropriate deadline for joining parties and amending pleadings in this case is April 27, 2015. (D.E. #20). Rule 34(c) of the Federal Rules of Civil Procedure explicitly permits discovery from a nonparty, and there is no basis under Rule 45 for a Subpoena to be quashed on the grounds that the nonparty is not receiving similar protections to a party. Accordingly, Pillow's request to quash the Subpoena based upon her allegation that the parties are seeking to deny her the rights that would be afforded to her if she were a party is denied.[4]

### III. Conclusion

For the reasons set forth herein, Pillow's Motion to Quash Subpoena is hereby DENIED.

**IT IS SO ORDERED** this 24th day of March, 2015.

                                           s/ Charmiane G. Claxton
                                           CHARMIANE G. CLAXTON

---

[4] Pillow further requests that, if her deposition be permitted and she is later named a party in this lawsuit, that her deposition be inadmissible at trial or for any other purpose because it was "obtained through subterfuge" of the Federal Rules of Civil Procedure. (Mot. to Quash Subpoena at 7). The Magistrate Judge declines to consider this issue of the admissibility of evidence at trial as beyond the scope of the referral from the District Court of the Motion to Quash Subpoena.

UNITED STATES MAGISTRATE JUDGE